# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MYSHIYA CARPENTER, | ) |
| Plaintiff, | ) Case: 1:23-cv-11414 |
| v. | ) |
| 17400 S. KEDZIE AVE LLC d/b/a WATERFORD ESTATES, | ) Jury Trial Demanded |
| Defendant. | ) |

## COLLECTIVE ACTION COMPLAINT

**NOW COMES** Myshiya Carpenter ("Plaintiff"), individually and on behalf of all other similarly-situated employees, by and through her undersigned counsel, complaining of 17400 S. Kedzie Ave. LLC d/b/a Waterford Estates ("Defendant"), as follows:

## NATURE OF ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and the Illinois Wage Payment and Collection Act ("IWCPA"), 820 ILCS 115/ *et. seq.*, for Defendant's failure to timely pay wages to Plaintiff and retaliating against Plaintiff for complaining of the unpaid wages.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the FLSA is a federal statute.

3. This Court has supplemental jurisdiction over the state law claims pursuant to 28

U.S.C. §1367.

## PARTIES

4. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Country Club Hills, Illinois.

5. At all times relevant, Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

6. At all times relevant, Plaintiff was employed by Defendant as an "employee" as defined by the IWPCA, 820 ILCS 115/2.

7. Defendant provides retirement care services and operates an assisted living retirement community in Hazel Crest, Illinois.

8. At all times relevant, Defendant was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

9. At all times relevant, Defendant was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

10. At all times relevant, Defendant was an "employer" as defined by the IWPCA, 820 ILCS 115/2.

## FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendant as a dietary aid server (non-exempt employee) from July 27, 2023 until her unlawful termination on or about August 21, 2023.

12. Plaintiff's job duties included, but were not limited to, preparing food for residents, serving food to residents, and generally maintaining cleanliness and food-safety standards.

13. Plaintiff performed a specific job which was an integral part of Defendant's

business.

14. Plaintiff agreed to provide services to Defendant for an hourly rate of $14.00.

15. Defendant pays its employees on a bi-weekly basis.

16. Defendant failed to pay Plaintiff *any* wages from July 27, 2023 (start date) through August 21, 2023 (termination date).

17. On or around August 21, 2023, after several weeks without compensation, Plaintiff engaged in protected activity by submitting a complaint to Defendant regarding her unpaid wages.

18. Specifically, Plaintiff informed Defendant's manager that she needs to get paid immediately to support her two children as they were starting school and needed school supplies.

19. In response to Plaintiff's complaint, Defendant's manager immediately terminated Plaintiff.

20. Specifically, the manager informed Plaintiff "we're just going to terminate you because you are giving us too much trouble."

21. Plaintiff's termination was objectively a retaliatory action taken by Defendant in response to Plaintiff's complaint regarding unpaid wages.

22. On or about August 21, 2023, *after discovering that Plaintiff intended on taking legal action*, Defendant sent Plaintiff an email informing Plaintiff that a check for her unpaid wages of $525.00 will be delivered on August 22, 2023.

23. On or about August 25, 2023, Plaintiff received a check for her unpaid wages.

24. As a result of Defendant's conduct, Plaintiff was temporarily deprived of her earned wages.

25. The deprivation of earned wages caused Plaintiff financial hardship, emotional distress, and anxiety.

## IWCPA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings claims on her own behalf and as a representative of all other similarly situated individuals ("Putative Class"). The Putative Class is defined as follows:

> **All non-exempt individuals who were employed or are currently employed by Defendant that were not paid within 13 days after the end of the bi-weekly pay period in which the wages were earned in the two years preceding the date of the original complaint through the date of class certification.**

27. The Putative Class were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were not timely paid their wages.

28. Upon information and belief, there are over 40 members of the Putative Class.

29. The exact number of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

30. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

31. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

32. There are many questions of law and fact common to the claims of Plaintiff and the claims of the members of the Putative Class.

33. Those questions predominate over any questions that may affect individual members of the Putative Class.

34. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's unlawful employment practices.

35. This case is also appropriate for class certification as a collective proceeding is

superior to all other available methods for the efficient and fair adjudication of this controversy.

36. A collective action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

37. Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

38. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

39. Plaintiff has no interests antagonistic to those of the members of the Putative Class and Defendant has no defenses unique to Plaintiff.

**COUNT I**
**Violations of the Fair Labor Standards Act**
**(Retaliation)**
**(Plaintiff Individually)**

40. Plaintiff incorporates all preceding paragraphs as if set forth fully herein

41. Pursuant to Section 15(a)(3) of the FLSA, it is unlawful to discriminate against an employee because such employee has made a complaint under or related to the FLSA.

42. Defendant violated §15(a)(3) of the FLSA by discriminating against Plaintiff for making a complaint relating to her unpaid wages by terminating Plaintiff's employment.

43. As set forth above, Plaintiff made a complaint to Defendant regarding her unpaid wages on or about August 21, 2023 and was immediately terminated.

44. Accordingly, there could be no question that Defendant's retaliatory conduct violated the FSLA.

45. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff requests the following relief:

    a. a judgment in favor of Plaintiff for violations of the FLSA;

  b.  an award of compensatory damages to Plaintiff with statutory penalties;

  c.  an award of front pay;

  d.  an award of liquidated damages to Plaintiff;

  e.  an award of punitive damages to Plaintiff;

  f.  an award of reasonable attorney's fees and costs;

  g.  any further relief the Court deems just and proper.

## COUNT II
**Violations of the Illinois Wage Payment and Collection Act (820 ILCS 115/ *et seq.*)**
**(Failure to Timely Pay)**
**(Plaintiff individually and on behalf of the Putative Class)**

46.  Plaintiff incorporates all preceding paragraphs as if fully stated herein.

47.  Defendant was required to pay Plaintiff $14.00 per hour on a bi-weekly basis pursuant to an employment contract between Plaintiff and Defendant

48.  The IWCPA requires an employer to pay all wages earned by an employee during a bi-weekly pay period no later than 13 days after the end of the bi-weekly pay period in which the wages were earned. 820 ILCS 115/4.

49.  Defendant violated the IWCPA by failing to timely pay Plaintiff her earned wages.

50.  As set forth above, Plaintiff has suffered damages as result of Defendant's conduct.

  **WHEREFORE**, Plaintiff requests the following relief:

  a.  a judgment in favor of Plaintiff for violations of the IWCPA;

  b.  an award of statutory penalties;

  c.  an award of liquidated damages to Plaintiff;

  d.  an award of reasonable attorney's fees and costs;

  e.  any further relief the Court deems just and proper.

## COUNT III
### Violations of the Illinois Wage Payment and Collection Act (820 ILCS 115/ *et seq*.)
### (Retaliation)
### (Plaintiff individually)

51. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

52. The IWCPA explicitly prohibits employers from retaliating against employees for submitting a complaint regarding unpaid wages by discharging or discriminating against the complaining employee 820 ILCS 115/14(c).

53. Defendant violated the IWCPA by terminating Plaintiff in retaliation for Plaintiff's submission of a complaint regarding her unpaid wages.

54. As set forth above, Defendant immediately terminated Plaintiff's employment upon Plaintiff's submission of her complaint regarding her unpaid wages.

55. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff requests the following relief:

    a. a judgment in favor of Plaintiff for violations of the IWCPA;

    b. an award of compensatory damages to Plaintiff with statutory penalties;

    c. an award of front pay;

    d. an award of liquidated damages to Plaintiff;

    e. an award of punitive damages to Plaintiff;

    f. an award of reasonable attorney's fees and costs;

    g. any further relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: September 13, 2023                                  Respectfully submitted,

                                                           /s/ *Mohammed O. Badwan*
                                                           Mohammed O. Badwan
                                                           SULAIMAN LAW GROUP, LTD.
                                                           2500 South Highland Avenue
                                                           Suite 200
                                                           Lombard, Illinois 60148
                                                           (630) 575-8180
                                                           mbadwan@sulaimanlaw.com